# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN STUART, | CASE NO. 10CV2385 WQH (WVG) |
| Plaintiff, | ORDER |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 13) issued by United States Magistrate Judge William V. Gallo, recommending that Plaintiff's Motion for Summary Judgment (ECF No.10) be denied and Defendant's Cross-Motion for Summary Judgment (ECF No. 11) be granted.

## BACKGROUND

On February 27, 2007, Plaintiff filed an application for disability insurance benefits and supplemental social security income. Plaintiff's application was denied initially and upon reconsideration. On June 25 and August 17, 2009, hearings were held at which Plaintiff appeared before an administrative law judge ("ALJ"). On September 25, 2009, the ALJ issued a written decision finding that Plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review.

1    On November 18, 2010, Plaintiff, represented by counsel, commenced this action for
2 judicial review pursuant to 42 U.S.C. § 405(g).  On March 28, 2011, Plaintiff filed a Motion
3 for Summary Judgment.  On April 11, 2011, Defendant filed a Cross-Motion for Summary
4 Judgment and Opposition to Plaintiff's Motion for Summary Judgment.
5    On August 3, 2011, the Magistrate Judge issued the Report and Recommendation.
6 (ECF No. 13).  The Report and Recommendation recommends that Plaintiff's Motion for
7 Summary Judgment be denied and Defendant's Cross-Motion for Summary Judgment be
8 granted.
9    On September 2, 2011, Plaintiff filed Objections to the Report and Recommendation.
10 (ECF No. 14).[1]  Plaintiff contends the court erred by identifying "one of the non-examining
11 doctors as an examining doctor." *Id*. at 2.  Plaintiff contends that "[t]here is no examining
12 doctor in the record." *Id*. Plaintiff contends that the clear and convincing standard should have
13 been applied to the "[three] uncontroverted treating doctors' [opinions] in the record." *Id.*
14 Plaintiff contends that the court's subjective pain analysis is flawed on the grounds that
15 "[n]owhere in the record did the ALJ cite to evidence that [Plaintiff's] daily activities were
16 readily transferable to a competitive work environment." *Id*. at 3.
17    On September 3, 2011, Defendant filed a Reply (ECF No. 16).  Defendant contends that
18 even if the court misidentified a non-examining doctor as an examining doctor, there is no
19 error in the court's analysis on the grounds that the ALJ did not cite the opinions of any non-
20 examining doctor as the basis for declining to give the treating physicians' opinions controlling
21 weight.  *Id*. at 2. Defendant contends that Plaintiff has failed to challenge the court's findings
22 "that the ALJ properly considered the objective findings and efficacy of treatment when
23 assessing credibility." *Id.* at 3.  Defendant contends that the ALJ properly relied on Plaintiff's
24 daily activities "to establish that she was exaggerating her pain and limitation." *Id*.

25                              **STANDARD OF REVIEW**
26    The duties of the district court in connection with a report and recommendation of a
27 magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b).
28

---

[1] On September 2, 2011 Plaintiff also filed a Request to File Objections to the Court's Report and Recommendation 2 Days Late (ECF No. 15).  The Motion is GRANTED.

1  The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

A court "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quotation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999) (citation omitted).

## DISCUSSION

The Magistrate Judge correctly stated: "Although a treating physician's opinion is generally afforded the greatest weight in the disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." (ECF No. 13 at 37) (citing *McLeod v. Astrue*, 640 F.3d 881, 884 (9th Cir. 2011)). The Magistrate Judge correctly stated that "'[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted.'" *Id.* (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The Magistrate Judge correctly stated that "when the treating doctor's opinion is contradicted by another physician, including an examining physician or a nonexamining physician, the Commissioner must provide 'specific and legitimate reasons' in the record for rejecting a treating physician's opinion, supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). The Magistrate Judge correctly found: "Since Plaintiff argues that the opinions of three of her primary treating physicians were contradicted by the opinions of ... the state agency reviewing physician[s], the 'specific and legitimate standard' applies here." *Id.* at 38.

With regard to Plaintiff's treating physician Dr. Hood, the Magistrate Judge correctly found that the ALJ "specifically addressed and legitimately discounted" her opinions by providing the following reasons:

> (1) a lack of supporting objective evidence, (2) the inconsistencies between Plaintiff's admitted daily activities and her alleged restricted abilities, (3) the inconsistencies between Plaintiff's alleged ability to care for her ailing parents, and her alleged restricted abilities, (4) Dr. Hood's report was merely a pre-preprinted questionnaire with no supporting objective tests, and (5) Dr. Hood's opinion seems to be premised on Plaintiff's subjective complaints.

(ECF No. 13 at 39). The Magistrate Judge correctly concluded that "[t]he reasons provided by the ALJ are sufficient as substantial and legitimate reasons for discounting Dr. Hood's testimony." *Id*. (citing , *Batson v. Commisioner*, 359 F.3d 1190, 1195 (9th Cir. 2004).

With regards to Plaintiff's treating physicians Dr. Falconio and Dr. Sebhar, the Magistrate Judge correctly found that the ALJ discounted the doctors' opinions on the grounds "that both doctors' assertions are too severe and are not supported by the clinical findings or diagnostic studies documented by the other physicians." (ECF No. 13 at 40). The Magistrate Judge correctly found that ALJ's reasons for not giving controlling weight to Dr. Falconio and Dr. Sebhar's opinions including: "(1) Plaintiff's ability to care for others, (2) the weight of the objective evidence in the record, including Plaintiff's physical exams, (3) Plaintiff's medical treatment, (4) the effectiveness of controlling Plaintiff's symptoms with medications, and (5) Plaintiff's own descriptions and testimony of her daily activities and capabilities." *Id*. The Magistrate Judge correctly concluded that the ALJ provided "a detailed summary of the facts and conflicting clinical evidence, and offer[ed] reasons for his conclusions[; therefore,] the ALJ provided adequate specific and legitimate reasons for rejecting the opinions of the Plaintiff's treating physicians." *Id*. (citation omitted).

The Magistrate Judge also correctly found that the ALJ relied on the "non-examining witness, Dr. Weilepp" to reach his opinion. *Id*. at 40-41. The Magistrate Judge correctly found that the ALJ did not rely solely on the non-examining physician's opinions to reject the treating physicians' opinions. The Magistrate Judge correctly concluded that "the ALJ based his rejection of the opinions of Plaintiff's treating physicians upon a review of the *entire* record, including objective testing evidence, Plaintiff's subjective complaints, reports from all

treating physicians, and reports from examining physicians." *Id*. at 41.[2]

With regard to Plaintiff's allegations of subjective pain and limitation, the Magistrate Judge correctly found that the ALJ "must provide clear and convincing evidence in support of his adverse [pain and limitation] credibility finding." *Id*. at 46. The Magistrate Judge correctly stated that the ALJ "found that Plaintiff's allegations of disability were inconsistent with her ability to care for others." *Id*. The Magistrate Judge correctly found that the ALJ's opinion was based on Plaintiff's ability to care for her father who had Alzheimer's disease, Plaintiff's ability to care for her mother who was wheelchair bound, and Plaintiff's ability to care for her autistic son. *Id*. The Magistrate Judge also correctly found that the ALJ's adverse credibility finding was also supported by the following: "the objective evidence in the record does not support Plaintiff's limitations to the degree asserted" and "the objective evidence showed that medications [that Plaintiff was prescribed] were effective, with few side-effects." *Id*. at 47. The Magistrate Judge correctly concluded the ALJ provided "sufficient, specific, clear, and convincing reasons for rejecting Plaintiff's subjective pain testimony." *Id*. at 48.

After reviewing de novo those portions of the Report and Recommendation to which Plaintiff objected, and after Reviewing the Report and Recommendation and the ALJ's decision in light of the Administrative Record, the Court finds the Magistrate Judge correctly evaluated the facts and applied the controlling law in this case.

**CONCLUSION**

IT IS HEREBY ORDERED that: (1) the Report and Recommendation (ECF No. 13) is ADOPTED with the exception of the word "examined" on page 40, lines 6 and 9 referring to state agency consultants Dr. Lizarraras and Dr. Amado; (2) Plaintiff's Motion for Summary Judgment (ECF No. 10) is DENIED; and (3) Defendant's Cross-Motion for Summary

//

//

---

[2] Although Plaintiff contends that the Magistrate Judge incorrectly identified non-examining physicians as examining physicians, Plaintiff failed to identify which physicians were incorrectly identified. The Court presumes that Plaintiff refers to Dr. Lizarraras and Dr. Amado. However, as discussed above, the ALJ did not rely on the opinions of Dr. Lizarraras and Dr. Amado in declining to give Plaintiff's treating physicians' opinions controlling weight.

1  Judgment (ECF No. 11) is GRANTED.  Plaintiff's Request for an extension of time to file
2  Objections to the Report and Recommendation (ECF No. 15) is GRANTED.
3  DATED:  November 8, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge